IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KARLA R. HAMNER, ET AL.          :
                                 :
    v.                           :    CIVIL NO. CCB-10-2485
                                 :
ANNE ARUNDEL COUNTY, MARYLAND,   :
ET AL.                           :
                    ...o0o...

## MEMORANDUM

I have reviewed the pending motions. My rulings and a brief statement of reasons follow.

1. Preliminarily, the motion will not be converted to one for summary judgment, in light of the plaintiff's affidavit seeking discovery under Fed. R. Civ. P. 56(d). The standards for Rule 12(b)(6) claims set forth in *Ashcroft v. Iqbal*, -- U.S. ----, 129 S. Ct. 1937, 1950 (2009) will apply.

2. Ms. Hamner's claims under Title VII against Mr. Leopold and Mr. Callahan individually will be **Dismissed**. *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998).

3. Based on the allegations in the complaint, Ms. Hamner does not appear to fit the definition of "personal staff" that would exclude her from Title VII coverage. *Cromer v. Brown*, 88 F.3d 1315, 1323 (4th Cir. 1996).

4. Ms. Hamner's Title VII claims for gender discrimination and retaliation based on the discrete act of the alleged involuntary transfer on May 30, 2008, are time-barred. *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007). Claims based on the alleged retaliatory failure to hire in September 2008 are not.

5. Ms. Hamner's hostile work environment claim will not be time-barred under a continuing violation theory only if the failure to hire in September 2008 qualifies as an act "contributing to the claim" for which the defendants are responsible. *Morgan*, 536 U.S. at 117.

6. Ms. Hamner's § 1983 claims for the alleged involuntary transfer in May 2008 and failure to hire in September 2008 in retaliation for her exercise of First Amendment rights are not time-barred.

7. For Title VII purposes, Ms. Hamner sufficiently states a claim that she was opposing what she reasonably believed to be an unlawful employment practice, *see Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338-39 (4th Cir. 2006), when she complained to Mr. Robey in April and Ms. Fulton in May 2008.

8. For § 1983 purposes, Ms. Hamner's complaint about alleged inappropriate conduct toward women by a high-ranking public official qualifies as a matter of public concern. *Campbell v. Galloway*, 483 F.3d 258, 269 (4th Cir. 2007).

9. The First Amended Complaint does not state a §1983 claim for Ms. Garvey. There is no allegation that she engaged in protected speech, intended to do so, or was threatened in order to preclude her from doing so.

10. The state law claims are barred by the plaintiffs' failure to give notice under the Local Government Tort Claims Act ("LGTCA"). Neither substantial compliance nor good cause for a waiver has been proffered. MD. CODE ANN., CTS. & JUD. PROC. § 5-304(d).

11. The motion for leave to amend the complaint to add an additional plaintiff (and apparently an additional defendant, although he is not mentioned in the motion) is

subject to denial for failure to comply with Local Rule 103.6. Ms. Harris will be given another opportunity to state a claim.

12. The defendants' motion for sanctions apparently depends on their assertion that Ms. Hamner had no grounds to allege retaliation based on either the transfer in May 2008 or the failure to hire in September 2008. That is not clear from the current record. The motion will be denied without prejudice.

Date: May 12, 2011

                  /s/
Catherine C. Blake
United States District Judge