IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KARLA ROBINSON HAMNER | * | |
| | * | |
| v. | * | Civil No. CCB-10-2485 |
| | * | |
| ANNE ARUNDEL COUNTY, MARYLAND, et al. | * | |

******

**MEMORANDUM**

Plaintiff Karla Robinson Hamner brought this action in 2010 for, *inter alia*, sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964. According to Hamner, County Executive John R. Leopold grabbed her arms and yelled at her for not maintaining eye contact with him. Hamner claimed that, following her complaints to Chief of Staff Erik Robey and Director of Personnel Andrea Fulton, she was involuntarily transferred to the police department and given a provisional placement. She was not hired for a permanent position and, ultimately, was terminated in September 2008. Following several years of litigation, on September 20, 2013, defendant Anne Arundel County, Maryland ("the County") made an offer of judgment in the amount of $110,000.00, which Hamner accepted on September 24, 2013. The next day, the court entered judgment in favor of Hamner and against the County, but retained jurisdiction to determine reasonable attorney's fees and costs.

Hamner's motion for attorney's fees and costs is now ripe. She requests $173,556.25 in fees and $2,596.34 in costs, as well as an enhancement of fees due to "the great odds against a successful result" and in light of the fees charged by private defense counsel hired to represent

Leopold, who was later dismissed from the suit.[1]  (Pl.'s Mot., ECF No. 109-6, at 11.)  The parties have fully briefed the issues, and no oral argument is necessary.  *See* Local R. 105.6.  For the reasons stated below, attorney's fees in the amount of $103,069.50 and costs in the amount of $1,225.34 will be granted.  The court will not order any enhancement of fees.

## ANALYSIS

The attorney's fee provision of Title VII authorizes the court, in its discretion, to allow the prevailing party a reasonable fee.  42 U.S.C. § 2000e-5(k).  In deciding the amount of fees to award, the court must calculate the lodestar, or "the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Blum v. Stenson*, 465 U.S. 886, 888 (1984).  A reasonable fee is one that is "sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case."  *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).  According to the Supreme Court, "the lodestar method yields a fee that is presumptively sufficient to achieve this objective."  *Id.*

Here, the County concedes that Hamner is the prevailing party and that some award of fees and costs is appropriate.  The County, however, does not agree with Hamner's proposed hourly rates, or with the number of hours claimed.  It also challenges the amount of costs requested.

**A. Hourly Rates**

The court considers Hamner's proposed hourly rates of (1) $495.00 for attorney John M. Singleton and (2) $240.00 for an unnamed associate attorney.  Hamner also requests reimbursement for paralegal time at $140.00 per hour.  The County, by contrast, urges the court

---

[1] The court notes that the lawyer hired by the County to represent Leopold received an hourly rate of $450.00.

to apply hourly rates of $337.50 for Singleton and $105.00 for the paralegal; it asks the court not to award any fees for the associate attorney.

The court agrees with the County that Hamner fails to provide sufficient evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895, n.11; *see also CoStar Group, Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 787–88 (D. Md. 2000) (indicating that the burden is on the fee applicant to show the requested hourly rates are appropriate). To support the requested hourly rate for Singleton, Hamner relies on the Laffey Matrix[2] and refers to Singleton's affidavit, which indicates that he has been practicing labor and employment law for thirty-three years and has tried "numerous" cases involving employment law issues. (Aff. of Singleton, ECF No. 110, at 2.) But neither the Laffey Matrix nor Singleton's single, unsupported affidavit is sufficient evidence of the prevailing market rate. *Cf. Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009) ("Examples of the type of specific evidence that we have held is sufficient to verify the prevailing market rates are affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community."). Indeed, the rate suggested by the Laffey Matrix is significantly higher than that set forth in Appendix B of the Local Rules for the District of Maryland. According to Appendix B, a lawyer who has been admitted to the bar for fifteen or more years may be awarded $275.00 to $400.00. *See* Local R., App. B: Rules and Guidelines for Determining Attorneys' Fees in Certain Cases. Therefore, in light of the local

---

[2] The Laffey Matrix was prepared by the Civil Division of the United States Attorney's Office for the District of Columbia, and may be used in Title VII cases, among other matters, to determine reasonable hourly rates for attorneys, paralegals, and law clerks in the District of Columbia.

rules and the number of years Singleton has been practicing law, the court finds that an hourly rate of $375.00 is reasonable.

Turning to the proposed hourly rate for the associate attorney, Hamner offers no information as to the associate's level of experience in Title VII matters or even the number of years the associate has been practicing law. Without any information to the contrary, the court will assume the associate had the lowest level of experience, and will award an hourly rate of $150.00. *See id.* (specifying accepted hourly rates of $150.00 to $190.00 for lawyers with fewer than five years' experience).

Finally, as for the requested rate for the paralegal, the court again notes that the requested rate is significantly above that allowed by Appendix B, which specifies that paralegals and law clerks may receive $95.00 to $115.00 per hour. *Id.* The court has no information regarding the paralegal's level of experience and, thus, cannot conclude that she is entitled to the upper end of accepted rates. Rather, the court is satisfied that a $105.00 hourly rate is reasonable.

**B. Hours Claimed**

In addition to challenging plaintiff's counsel's hourly rates, the County argues that certain hours must be deducted from the lodestar calculation. The County asks the court to deduct all hours claimed for the preparation of the fee petition because Hamner failed to comply with the requirements of local rules. *See* Local R. 109.2(b) (stating that a motion requesting attorney's fees must contain "a detailed description of the work performed broken down by hours or fractions thereof expended on each task"); *see also* Local R., App. B: Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (stating that time must be recorded by specific task). Using the description "fee petition preparation," Hamner claims 7.8 hours for Singleton and 3.2 hours for the paralegal. She does not, however, provide time entries further breaking

down those hours. Although the description "fee petition preparation" is somewhat vague, Hamner has provided enough information for the court to understand the nature of the fees requested. As for the number of hours claimed, the court notes that the fee petition was contested, and that it attempts to justify hours in litigation spanning more than three years. In light of those facts, the number of hours dedicated to the fee petition is reasonable.

Relatedly, the County argues that other time entries lack sufficient detail to be compensable. The challenged time entries document hours spent reviewing the case file, meeting and calling Hamner, traveling to and meeting with witnesses, drafting affidavits, and conducting legal research into County laws. Although the time entries provide enough information to assess the necessity of the charges, the court still finds certain reductions are warranted to account for Singleton's thirty-three years of experience and the level of efficiency with which he is expected to have worked. The court expects that, over the course of more than three years of litigation, plaintiff's counsel will dedicate considerable hours to speaking with his client. Indeed, Singleton's time records show he was in regular contact with his client throughout the case. Nevertheless, considering the frequency with which Singleton spoke with his client, the court finds that some of the lengthy phone conversations were unnecessary and reflect excessive billing. The court will accordingly deduct 2.5 hours from the time Singleton spent calling his client. In addition, the court will subtract 2.0 hours from the 2.7 hours Singleton spent on July 11, 2013, reviewing the case file and emailing with opposing counsel.

The County requests other deductions for excessive hours. Among the hours identified as excessive are the 4.7 hours Singleton dedicated to reviewing and accepting the offer of judgment. This time was spent reviewing the offer with Hamner, having several brief email and telephone conversations with opposing counsel, and writing a two-paragraph letter and one-paragraph

notice of acceptance. The court determines 3.0 hours should have been sufficient to accomplish the above tasks, and will reduce Singleton's time accordingly by 1.7 hours. The County also challenges the 16.0 hours Singleton expended on four depositions. Given the brevity of those depositions and counsel's level of experience in preparing for and conducting depositions, the court will subtract 4.0 hours from Singleton's time.

Asserting that Hamner made "extraordinarily unrealistic demands," the County asks that 25.6 of the 27.7 hours claimed for settlement be subtracted from the fee award. (Def.'s Corrected Opp., ECF No. 114, at 22.) The County explains that, although a Title VII recovery may not exceed $300,000.00, *see* 42 U.S.C. §1981a(3), Hamner requested amounts above the statutory limit. While the court recognizes that Hamner's initial demands exceeded $300,000.00, it cannot conclude, as the County does, that "[t]here was no serious attempt . . . to settle." (Def.'s Corrected Opp. at 22.) Considering the time spent preparing for and attending a settlement conference, and the fact that an offer of judgment was eventually made and accepted, the court finds that just a 15% reduction of hours devoted to settlement is appropriate. Singleton's fee will be reduced by 4.2 hours.

The County next suggests deductions for the preparation of pleadings that failed, were never filed with the court, or were only partially successful. The Supreme Court has explained:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.

*Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Put another way, "the appropriate inquiry concerns whether the claims on which the plaintiff prevailed are related to those on which he did not." *Brodziak v. Runyon*, 145 F.3d 194, 197 (4th Cir. 1998). The court may not award fees for

6

unsuccessful claims that are unrelated to successful ones. *See id.* "When, however, all claims involve a common core of facts . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* (citations and internal quotation marks omitted); *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 640–41 (D. Md. 2012); *see also Imgarten v. Bellboy Corp.*, 383 F. Supp. 2d 825, 839 (D. Md. 2005) ("A plaintiff who was unsuccessful at a stage of litigation that was, nevertheless, a necessary step to ultimate victory is entitled to attorneys' fees even for the unsuccessful step.").

In this case, the County challenges time spent on the following documents, which were either unsuccessful or were never filed: (1) supplemental answers; (2) a request for a hearing; (3) a motion to compel;[3] (4) sanctions; and (5) an amended complaint. Hamner's counsel may not claim hours for the request for a hearing or the motion to compel. Those requests were neither successful nor in any way related to successful claims or the settlement reached in this case. Additionally, the time dedicated to preparing supplemental answers that were never filed and researching sanctions that were never requested should have been excised as a matter of billing discretion. It appears, however, that the amended complaint was in fact filed on September 30, 2010. The hours dedicated to drafting the complaint, therefore, are appropriately claimed. The court will subtract only 11.5 hours from Singleton's time and 1.0 hour from the associate's time.

Additionally, the County asks for deductions in hours dedicated to pleadings that were only partially successful—in particular, (1) the motion to compel, disqualify counsel, and lift a stay of discovery, (2) the opposition to the defense motion to dismiss or for summary judgment, and (3) the opposition to the defense motion for summary judgment. The County is correct that the motion to compel, disqualify counsel, and lift a stay of discovery was only granted as to the

---

[3] The motion to compel appeared in a document also containing a motion to disqualify counsel and a motion to lift a stay of discovery.

motion to lift the stay. But the court has already subtracted hours devoted to the motion to compel, and will not reduce hours again in a way that would amount to "double-counting." As for the hours dedicated to the motion to disqualify counsel, the court notes that the motion did not fail; rather, it was denied as moot because private counsel was retained to represent Leopold. In any event, the time records do not clearly specify how many hours were dedicated to that motion and how many were dedicated to the successful motion to lift the stay. The court will not reduce hours by the time spent on the motion to disqualify. Turning to the opposition memoranda, although the County is correct that Hamner did not succeed in opposing the entirety of the defense motions, the court is unpersuaded that the opposition memoranda were unrelated to her ultimate success in this matter. The court will not reduce hours devoted to opposing the County's dispositive motions.

According to the County, Hamner seeks fees for "unnecessary services, totally unrelated to the litigation of the instant case." (Def.'s Corrected Opp. at 23.) The County is correct that Hamner's fee may not include hours spent attending Leopold's criminal trial. Hamner states that counsel attended Leopold's trial to hear the testimony of witnesses who were also involved in this case. While this testimony may have been helpful for the advancement of the civil case, counsel would have incurred fewer costs by simply ordering a transcript of the proceedings. Nor is it appropriate for Hamner's fee to include time spent attending a grand jury hearing, meeting with state prosecutors, or responding to a complaint filed with the Attorney Grievance Commission of Maryland. Those activities simply do not relate to the prosecution of this case. The court also will subtract hours spent discussing fundraising and conversing with the press, which should have been deducted using billing discretion. Upon examining counsel's time

8

records and parsing out hours spent on compensable activities, the court determines 48.8 hours will be subtracted from Singleton's fee.

Next, the court considers the County's suggestion that a reduction in hours is appropriate based on the "*Johnson* factors." Historically, courts have assessed the reasonableness of fee petitions by considering the following *Johnson* factors:

> (1) the time and labor required in the case, (2) the novelty and difficulty of the questions presented, (3) the skill required to perform the necessary legal services, (4) the preclusion of other employment by the lawyer due to acceptance of the case, (5) the customary fee for similar work, (6) the contingency of a fee, (7) the time pressures imposed in the case, (8) the award involved and the results obtained, (9) the experience, reputation, and ability of the lawyer, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship between the lawyer and the client, and (12) the fee awards made in similar cases.

*In re Abrams & Abrams, P.A.*, 605 F.3d 238, 244 (4th Cir. 2010) (citation omitted). The Supreme Court in 2010 expressed some doubt as to the reliability of this approach, *see Perdue*, 559 U.S. at 550–51, but the Fourth Circuit has indicated that the *Johnson* factors may properly be used to "inform" and sometimes "adjust" the calculation of the lodestar number. *See McAfee v. Boczar*, 738 F.3d 81, 89 (4th Cir. 2013). Thus, the court considers the *Johnson* factors "in conjunction with the lodestar methodology" and, "to the extent that any of these factors already has been incorporated into the lodestar analysis, [it does] not consider that factor a second time." *E. Associated Coal Corp. v. Dir., Office of Workers' Compensation Programs*, 724 F.3d 561, 570 & n.5 (4th Cir. 2013). Here, the court has considered all the *Johnson* factors in determining reasonable attorneys' fees, and finds no need to adjust the lodestar amount.

Finally, the court turns to Hamner's request for an enhancement of fees. Enhancements to the lodestar figure "may be awarded in rare and exceptional circumstances." *Perdue*, 559 U.S. at 552. The fee applicant has the burden to prove the enhancement is necessary and must offer

"specific evidence" supporting the award. *Id.* at 553. Hamner offers no such evidence here, instead broadly asserting that this case has "unmask[ed] corruption and [] help[ed] the citizens of Maryland" and that the high-profile nature of this case made it a difficult one to pursue. (Pl.'s Mot. at 11.) Yet, she admits that unmasking corruption was not the purpose of the litigation, and the court has already considered the undesirability of the case in calculating the lodestar. As for the suggestion that private defense counsel earned a considerably higher fee than plaintiff's counsel for a proportionate period of time spent on the litigation, there is not enough information in the record to compare accurately the hourly rates and time spent by both counsel. The court also has considered plaintiff's counsel's level of efficiency in calculating the lodestar, but cannot conclude that an enhancement of fees is warranted on this basis. In sum, the court will not award an enhancement.

### C. Costs

The County asks the court to award only $1,225.34 in costs. In *Spell v. McDaniel*, the Fourth Circuit explained that costs charged to a losing defendant may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." 852 F.2d 762, 771 (4th Cir. 1988) (citation and internal quotation marks omitted). For example, a losing defendant may be properly charged with "necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez v. J.T.T. Enterprises Corp.*, No. JKS-06-68, 2010 WL 3385362, at *7 (D. Md. Aug. 25, 2010). The fee applicant bears the burden of providing sufficiently detailed records to explain and support her request for costs. *See, e.g.*, *Spencer v. General Elec. Co.*, 706 F. Supp. 1234, 1244 (E.D. Va. 1989).

Here, the County asserts that Hamner has not met her burden with respect to parking costs to attend Leopold's criminal trial and costs associated with retaining outside counsel. As explained above, the court cannot conclude that attending the criminal trial was necessary for the advancement of this case. The court will accordingly deduct $19.00 from requested costs. Additionally, the court will exclude the $1,352.00 claimed for services performed by outside counsel. Hamner offers no explanation as to why outside counsel was brought into this case, or what services were rendered. Instead, she attaches outside counsel's billing records, which state that counsel had numerous conferences with Singleton but provide no indication as to the purpose of those meetings. (*See* Kevin & Gann Billing Records, ECF No. 109-5.) In sum, as requested by defense counsel, the court will limit costs to $1,225.34.

## CONCLUSION

For the reasons stated above, the court will award attorney's fees in the amount of $103,069.50 and costs in the amount of $1,225.34. A separate order follows.


May 14, 2014                                                            /s/
Date                                                             Catherine C. Blake
                                                                 United States District Judge

11